[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16652
Non-Argument Calendar

_____

D. C. Docket No. 07-01108-CV-T-S

MARGARET WILLIAMS,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 17, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In this slip-and-fall case, Plaintiff-Appellant Margaret Williams appeals the

district court's grant of summary judgment in favor of Defendant-Appellee Wal-Mart Stores, Inc. ("Wal-Mart").

Williams' amended complaint alleges that while shopping in Wal-Mart, she slipped on a puddle of water, which resulted in injury to her leg, hip, and shoulder. Williams seeks compensatory and punitive damages for negligence and wantonness, based on Wal-Mart's employees' alleged failure to detect and clean up the liquid.

Wal-Mart moved for summary judgment, arguing that Williams had not met her burden, under Alabama negligence law,[1] of establishing that Wal-Mart had: (1) actual notice of the puddle; (2) constructive notice; or (3) that the store was otherwise delinquent for failing to discover and remove the hazard. Williams replied that she had proffered sufficient evidence to demonstrate constructive notice and/or delinquency on the part of Wal-Mart, and, alternatively, an adverse inference should be drawn against Wal-Mart because it allegedly destroyed or withheld video surveillance tapes from Williams. The district court concluded that Williams had not met her burden of proving notice, rejected Williams' spoliation argument, and granted summary judgment in favor of Wal-Mart on both the

---

[1] Because jurisdiction in this case is based on diversity of citizenship, the forum state's substantive law applies. See McMahan v. Toto, 256 F.3d 1120, 1131-32 (11th Cir. 2001).

negligence and wantonness claims.[2]  Williams now appeals to this court.

After a thorough review of the record and briefs, we are in accord with the district court that Williams failed to establish a genuine issue of material fact as to whether Wal-Mart was negligent in failing to clean up the water that Williams allegedly slipped on and that Williams' spoliation of evidence argument is meritless.

For the reasons stated in the district court's thorough and well-reasoned opinion, we affirm the grant of summary judgment in favor of Wal-Mart.

**AFFIRMED.**

---

[2] Williams does not challenge the district court's grant of summary judgment on the wantonness claim.  This issue has been abandoned.  See Rioux v. City of Atlanta, 520 F.3d 1269, 1274 n.4 (11th Cir. 2008).